UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRE HAYES, | |
| Plaintiff, | CASE NO. C07-761-TSZ-MJB |
| v. | |
| SNOHOMISH COUNTY PUBLIC DEFENDERS ASSOCIATION, et al., | REPORT AND RECOMMENDATION |
| Defendants. | |

On May 17, 2007, Plaintiff, who is proceeding *pro se*, submitted a proposed complaint pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis*. Plaintiff's complaint appeared to allege that he was falsely convicted of a sex offense due to various constitutional violations by Defendants during his trial. Plaintiff requested relief in the form of vacation of his judgment and sentence, and monetary damages.

After reviewing Plaintiff's complaint, this Court issued an Order to Show Cause directing Plaintiff to show cause why this action should not be dismissed because he challenges the lawfulness of his confinement instead of the conditions of his confinement as required by § 1983. (Dkt. #7). Plaintiff was advised that to the extent he intended to challenge the fact of his current confinement, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is the exclusive federal remedy available to a state prisoner who challenges the fact or duration of his

REPORT AND RECOMMENDATION
Page - 1

confinement and seeks speedier or immediate release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Plaintiff was further advised that in order to have this action construed as a petition for writ of habeas corpus, he must file a § 2254 habeas petition and he must demonstrate that his claims satisfy the exhaustion requirement.

On July 13, 2007, Plaintiff filed a response to the Order to Show Cause. (Dkt. #8). Plaintiff makes clear in his response that he "want[s] this Civil Complaint taken at face value," and while he acknowledges that § 2254 is the exclusive remedy for challenging the fact or duration of his confinement, he urges the court to "utilize its maximum power and rule on Mr. Hayes' accusations against his counselor [and] the Prosecutor's misconduct, and grant a proper course of action, such as a re-trial . . ." *Id.* This response by Plaintiff does not cure the deficiencies in his complaint, which fails to constitute a cognizable claim under § 1983.

Accordingly, the Court recommends that Plaintiff's application to proceed *in forma pauperis* be denied because the underlying complaint fails to state a claim upon which relief may be granted. The Court further recommends that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A proposed Order accompanies this Report and Recommendation.

DATED this 4th day of February, 2008.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2